INDIVIDUAL DRINKING CUP CO. et al. v. PUBLIC SERVICE CUP CO.

(District Court, E. D. New York. November 29, 1916.)

PATENTS ⬦�söp109—CLAIMS INSERTED BY AMENDMENT.

On reargument additional patents bearing on the prior state of the art would not change the decision on claims which, though inserted in a patent by amendment long subsequent to filing of application, have been held valid because the drawings and specifications were sufficiently made a part of and embodied in the claims to limit them to a patentable invention.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 152; Dec. Dig. ⬦�söp109.]

---

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On rehearing. Decree directed.

For prior opinion, see 234 Fed. 653.

Clifford E. Dunn, of New York City, for plaintiffs.

Briesen & Schrenk, of New York City, for defendant.

CHATFIELD, District Judge. The defendant has applied for a rehearing of the case upon a number of patents, which he seeks to have added to the record for use in considering the prior art, in order to limit the plaintiffs' claims and thus avoid a finding of infringement, if possible. The court has granted the motion to the extent of allowing these various patents to be added to the record, but has denied the balance of the application for rehearing, and will direct a decree to be entered in accordance with the opinion previously filed.

This case was tried upon the theory that the various claims were invalid, through their insertion in the patent by amendment long subsequent to the filing of the application. The court found against this contention, and consideration of the patents now urged would not change the decision of the court upon that point. The various claims were classified by the attorney for the defense at the trial, and the decision of the court was to the effect that the disclosure of the drawings and specifications was sufficiently made a part of, and embodied in, the claims to limit them to such interpretation that they should be held valid. From this standpoint, the addition of the patents now presented would not change the decision. This court has not passed upon the language of each separate claim, nor upheld it as a broad, basic, pioneer claim for a device usable in other arts, and the decision of the court upon the record, with the patents in evidence, will not be changed from that previously rendered.

Decree will be entered accordingly.